**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

DENISE C. MCCREARY,           )
                                     )
     Plaintiff,              )
                                     )
v.                                )        Civil Action No. 3:12CV484–HEH
                                     )
GOVERNOR OF THE             )
COMMONWEALTH OF VIRGINIA,   )
*et al.*,                          )
                                     )
     Defendants.          )

## MEMORANDUM OPINION
### (Dismissing Certain Defendants, Ordering to Show Cause, and Granting Extension of Time)

Denise McCreary, a federal inmate proceeding *pro se* and *in forma pauperis* filed this civil rights action. The matter is before the Court on McCreary's failure to serve Defendants Russell, Sudduth, Frazier, and Payne within the time required by Federal Rule of Civil Procedure 4(m)[1] and her Motion for Extension of Time to file a response to the Motion for Summary Judgment filed by Defendants Hull, Turner, Hickey, Neal, and Reese. (ECF No. 38.)

---

[1] Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

Pursuant to Federal Rule of Civil Procedure 4(m), McCreary had one hundred and twenty (120) days from the filing of the complaint to serve Defendants Russell, Sudduth, Frazier and Payne. Here, that period commenced on April 26, 2013.[2] McCreary provided addresses and by Memorandum Order entered October 18, 2013, the Court directed the Clerk to issue process for the named defendants and for the Marshal to effect service. The Marshal filed unexecuted returns for Defendants Russell, Sudduth, Frazier, and Payne with the Court on October 18 and 24, 2013 indicating that these defendants no longer work at the address provided by Plaintiff. (*See* ECF Nos. 18, 20.)

By Memorandum Order entered on February 24, 2014, the Court directed McCreary to show good cause for her failure to serve Defendants Russell, Sudduth, Frazier, and Payne within the time required by Rule 4(m). On March 10, 2014, the Court received McCreary's response. McCreary asserts that her incarceration prevented her from serving Defendants Russell, Sudduth, Frazier, and Payne, but fails to demonstrate any attempt on her behalf to locate addresses for the Defendants.

Rule 4(m) requires that, absent a showing of good cause, the Court must dismiss without prejudice any complaint in which the plaintiff fails to serve the defendant within the allotted 120-day period. Fed. R. Civ. P. 4(m). Courts within the Fourth Circuit found good cause to extend the 120-day time period when the plaintiff has made "'reasonable, diligent efforts to effect service on the defendant.'" *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v.*

---

[2] The Court considers the complaint "filed" on the date it concludes statutory screening under the Prison Litigation Reform Act. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

*Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Neither *pro se* status

nor incarceration constitutes good cause. *Sewraz v. Long*, No. 3:08CV100, 2012 WL

214085, at *1–2 (E.D. Va. Jan. 24, 2012) (citing cases). Because McCreary fails to

demonstrate good cause for her failure to serve Defendants Russell, Sudduth, Frazier, and

Payne, the action against those Defendants will be dismissed without prejudice.

McCreary has also failed to provide sufficient identifying information to effect

service on the three Unknown Defendants and Nurse Jane Doe. McCreary ultimately

remains responsible for providing information sufficient to serve Defendants in

accordance with the time specified by Federal Rule of Civil Procedure 4(m). *See Lee v.*

*Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (holding that prisoners proceeding *in*

*forma pauperis* retain responsibility for providing address at which service can be

effectuated); *see also Geter v. Horning Bros. Mgmt.*, 502 F. Supp. 2d 69, 70 n.3 (D.D.C.

2007) (advising that *in forma pauperis* status conveys the right to have the court effect

service only to extent plaintiff provides a valid address). More than 120 days have

elapsed and McCreary has not served the three Unknown Defendants and Nurse Jane

Doe. Accordingly, within eleven (11) days of the date of entry hereof, McCreary will be

DIRECTED to show good cause why the action should not be dismissed without

prejudice against the three Unknown Defendants and Nurse Jane Doe.

McCreary also moves for her second extension of time to file a response to the

Motion for Summary Judgment filed by Defendants Hull, Turner, Hickey, Neal, and

Reese. (ECF No. 38.) Upon good cause shown, *see* Fed. R. Civ. P. 6(b)(1)(A), the Court

will grant the Motion for Extension of Time (ECF No. 38) to the extent that McCreary

shall file a response within fifteen (15) days of the date of entry hereof. McCreary

indicates that she suffers from impaired vision which limits her current ability to litigate

her claims. (ECF No. 39, at 2.) To the extent McCreary feels that she is unable to

litigate her claims, McCreary may move to voluntarily dismiss the action without

prejudice.

An appropriate order will accompany this Memorandum Opinion.

/s/

HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: March 26, 2014
Richmond, Virginia